**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID ALLEN SPRINGER,**

        **Plaintiff,**

-vs-                                               **Case No. 6:05-cv-1031-Orl-KRS**

**TROPICAL PLUMBING AND SEPTIC,**
**INC., and LYNDON DENESLBECK,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** PARTIES' JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, [AND] MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 52)
>
> **FILED:** December 29, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

> **MOTION:** PARTIES' AMENDED JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, [AND] MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 53)
>
> **FILED:** January 3, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* The parties have reached a settlement agreement and seek court approval of that agreement. The parties submitted the Settlement Agreement and General Release for Court review. Doc. No. 53-2 and 53-3. Pursuant to the consent of the parties, this matter was referred to me for disposition under 28 U.S.C. § 636(c). Doc. Nos. 15, 16.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

It appears based on a review of the settlement agreement that Plaintiff David Allen Springer will receive $5,000.00 in unpaid wages. Doc. No. 53-2 and 53-3. The parties represent that they reached this amount after independent calculation, and that "as a result of this Settlement Agreement, [Springer] will receive payment for work allegedly performed as designated in the Settlement Agreement." Doc. No. 53 at 2. Springer represents that, "[a]fter reviewing the Defendant[s'] pay records and Answer to Plaintiff's Complaint, [he] is satisfied that the amount of the settlement represents a reasonable compromise of his claims." *Id*.

While this amount is less than the amount of wages Springer alleged was due him in the Final Pretrial Statement, doc. no. 49, based on the representations of counsel regarding the process by which the settlement was reached, and that Springer is satisfied, based on a review of evidence from the defendants, that the settlement represents a reasonable compromise of his claims, I

conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

Accordingly, the settlement is approved and the case is **DISMISSED with prejudice**. The case is removed from the January 15, 2007, trial calendar. The Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties